IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR AN ORDER AUTHORIZING THE INSTALLATION AND USE OF A PEN REGISTER DEVICE AND/OR TRAP AND TRACE DEVICE AND/OR CALLER IDENTIFICATION OPTION DEVICE ON TELEPHONE NUMBER **1-614-369-5045**, SUBSCRIBER UNKNOWN, SERVICE PROVIDED BY WHATSAPP MESSENGER SERVICE (WWW.WHATSAPP.COM) | CASE NO.: 2:16-mj-254<br><br>**PEN REGISTER DEVICE AND/OR TRAP AND TRACE DEVICE**<br><br>**TO BE FILED UNDER SEAL** |

## APPLICATION

Michael Hunter, an attorney for the government, hereby applies to the Court for an order authorizing the installation and use of a pen register, and/or trap and trace device and/or caller identification option or similar feature, as technologically available, which identifies telephone numbers originating calls to and calls from telephone number **1-614-369-5045**, subscriber unknown, service provided by WhatsApp Messenger Service[1] (www.whatsapp.com) (hereinafter, "Target Telephone Number"), as requested by the Federal Bureau of Investigation (FBI) Violent Crimes Task Force (hereinafter, "Investigative Agency"). In support of this application, Applicant states the following:

1.  Applicant is an "attorney for the government" as defined in Rule 1(b)(1) of the Federal Rules of Criminal Procedure, and, therefore, pursuant to Title 18, United States Code,

---

[1] The home "web page" for "Whatsapp" states that: "WhatsApp Messenger is a cross-platform mobile messaging app which allows you to exchange messages without having to pay for SMS. WhatsApp Messenger is available for iPhone, BlackBerry, Android, Windows Phone and Nokia and yes, those phones can all message each other! Because WhatsApp Messenger uses the same internet data plan that you use for email and web browsing, there is no cost to message and stay in touch with your friends."

Section 3122, may apply for an order authorizing the installation and use of a pen register, and/or trap and trace device (hereinafter, "pen/trap device"), and/or caller identification option or similar feature.

2. Applicant certifies that the Investigative Agency is conducting a criminal investigation of Pedro OSORIO a/k/a 'Smokey' and others as yet unknown, in connection with possible violations of 21 U.S.C. §841(a)(1)(distribution of methamphetamine); 21 U.S.C. §846 (conspiracy to distribute and possess with intent to distribute methamphetamine); 21 U.S.C. §843(b)(use of a telephone facility to facilitate the commission of a felony); and, 18 U.S.C. §1962 (d)(conspiracy to conduct enterprise affairs through a pattern of racketeering activity). This case involves an organization which at least distributes cocaine and/or methamphetamine and extorts individuals in Columbus, Ohio. This investigation has shown that the subjects are using their cellular ("smart") telephones and the "Whatsapp" application (on-line) to communicate in a manner that is transparent to traditional pen registers. It is requested that a pen register device be authorized for the "Whatsapp" application service to record the activity traceable to the target telephone. It is believed that the subjects of the investigation are using the Target Telephone Number in furtherance of the subject offenses; and that the information likely to be obtained from the pen/trap device and/or caller identification option or similar feature is relevant to the ongoing criminal investigation in that it is believed that this information will concern the aforementioned offenses.

3. Applicant further requests that the Court issue an order authorizing the installation and use of a pen/trap device and/or caller identification option or similar feature to capture the incoming and outgoing electronic or other impulses dialed or pulsed to or from the Target Telephone Number which identify the incoming and outgoing numbers of a wire and/or

2

electronic communication and the date, time, and duration of such incoming and outgoing electronic or other impulses on the subject line, for a period of 60 days. This includes dialing, routing, addressing, or signaling information transmitted on the communication service provider's packet-switched data network/dispatch service by "direct connect" and/or "push-to-talk" technology and/or whatever name such feature is designated by WhatsApp Messenger Service (hereinafter, "Communication Service Provider") and/or such other provider who provides digital two-way communications and call details referencing text messaging, also known as Short Message Service (SMS) and/or whatever name such feature is designated by the Communication Service Provider. It is further requested that if said service is not equipped with a caller identification option or similar feature, the Communication Service Provider and/or such other provider who provides service to the Target Telephone Number is to add the caller identification option or similar feature, to the Target Telephone Number, and take all necessary steps to see that the addition of the caller identification option or similar feature or any related activity not be reflected on the customer's bill, or in any other way be disclosed to the subscriber of said service.

4. Applicant further requests that the Communication Service Provider and/or such other provider who provides service to the Target Telephone Number install and operate a pen/trap device and/or caller identification option or similar feature on the Target Telephone Number which shall identify all incoming and outgoing calls that both originate and terminate within its switching facilities in the local access transport area that have signaling system seven capabilities.

5. Applicant further requests that the Communication Service Provider and/or such other provider who provides service to the Target Telephone Number furnish the results of such

3

pen/trap device and/or caller identification option or similar feature by sending such information to the Investigative Agency electronically over facilities provided to the Investigative Agency by the Communication Service Provider and/or such other provider who provides service to the Target Telephone Number at reasonable intervals during regular business hours for the duration of the order.

6.　Applicant further requests that the order direct the furnishing of information, facilities, and technical assistance necessary to accomplish the installation and use of the pen/trap device and/or caller identification option or similar feature unobtrusively and with minimum disruption of normal telephone service.

7.　Applicant further requests that the Court's order apply not only to the Target Telephone Number with the same subscriber listed herein, but also to: (a) the Target Telephone Number with a different electronic serial number ("ESN") or a different international mobile equipment identity number ("IMEI") or (b) the Target Telephone Number with a different subscriber but the same ESN or IMEI, and (c) any changed telephone number subsequently assigned to the same ESN or IMEI used by the Target Telephone Number for the duration of the Court's Order.

8.　Applicant further certifies that pursuant to Title 18, United States Code, Section 3121(c), technical agents of the Investigative Agency must use technology during the pendency of the requested order, if and when such technology becomes reasonably available, that restricts the recording or decoding of electronic or other impulses to the dialing, routing, addressing, and signaling information used in the processing and transmitting of wire and/or electronic communications so as not to include the content of any wire and/or electronic communications. If the pen/trap device and/or caller identification option or similar feature captures some dialed

4

digits that could be considered call content, such as account numbers or passwords, the United States will make no affirmative investigative use of such information. It is requested that the use of the pen/trap device and/or caller identification option or similar feature not be restricted to capturing impulses and signaling information used in the call processing based upon the unavailability of necessary technology.

9. Applicant further requests that the telephone number recorded under the Court's Order, pursuant to the limitations of Title 18, United States Code, Section 3121(c), may include "post-cut-through dialed digits," which are numbers dialed from the cellular telephone after the initial call set up is completed. For example, some post-cut-through dialed digits may be the actual telephone number called, such as when a subject places a calling card, credit card, or collect call by first dialing a long-distance carrier access number and then, after the initial call is "cut through," dialing the telephone number of the destination party. That final number sequence is necessary to route the call to the intended party and, therefore, identifies the place or party to which the call is being made.

10. Applicant further requests, pursuant to Title 18, United States Code, Section 3123(d), that the Court's order direct the Communication Service Provider and/or such other provider who provides service to the Target Telephone Number, its agents and employees not to disclose to the subscriber, or any other person, the existence of this order, the pen/trap device and/or caller identification option or similar feature, or of this investigation unless or until otherwise ordered by the Court, as such disclosure would seriously jeopardize said investigation.

WHEREFORE, it is respectfully requested that the Court grant an order incorporating the above requests for a period of 60 days and to seal the case and all accompanying documents

including but not limited to this Application and the Court's Order until further Order of this Court.

    I declare under penalty of perjury that the foregoing is true and correct.

                                                   AUSA Michael Hunter
                                                   303 Marconi Boulevard, Suite 200
                                                   Columbus, Ohio 43215

Executed on this 26th day of May, 2016